IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARK SCOTT,
    Plaintiff,

v.

ILLINOIS DEPARTMENT OF CORRECTIONS
SERGEANT THOMAS FRANCIS, CORRECTIONAL
OFFICER KYLE K. DELONG, CORRECTIONAL
OFFICER LITTLE #5466 and CORRECTIONAL
OFFICER A. SLUSSER,
    Defendants.

Case No. 19-cv-1143

## PROPOSED AMENDED COMPLAINT

This is a civil rights action filed by Mark Scott, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging excessive force in violation of the Eighth Amendment of the United States Constitution.

## JURISDICTION & VENUE

This action is brought pursuant to 42 U.S.C. §§ 1983 and the Eighth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statues and 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper as all defendants are residents of Illinois.

## PARTIES

3. The plaintiff, Mark Scott, was incarcerated at Pontiac Correctional Center ("Pontiac") during the events described in this Complaint.

4. Defendants are employees of the Illinois Department of Corrections ("IDOC") who were employed at Pontiac Correctional Center, 700 West Lincoln, Pontiac, IL 61764, at all times relevant to this Complaint.

5. Defendant Thomas Francis was a member of the statewide tactical team, he

was the Sergant and team leader of the extraction team.

   6. Defendant Kyle K. Delong was a member of the statewide tactical team, he was a Correctional Officer and member of the extraction team.

   7. Defendant Little #5466 was a member of the statewide tactical team, he was a Correctional Officer and member of the extraction team.

   8. Defendant A. Slusser was a member of the statewide tactical team, he was a Correctional Officer and member of the extraction team.

## FACTS

   9. On February 22, 2018, the Plaintiff was assigned to Cell N-817, in North Segregation at Pontiac.

   10. On February 22, 2018, at approximately 2:30 p.m., the statewide tactical team reported to 8 gallery in the North Cellhouse, they went cell to cell extracting inmates.

   11. The tactical team was wearing gas masks, helmets, flak vests, they carried batons, shields and chemical agent dispenser guns.

## MISUSE OF FORCE

   12. At apprx. 3 p.m., Team Leader Thomas Francis, tactical team members Kyle K. Delong, Little #5466 and A. Slusser arrived at plaintiff's cell and opened the cuff hatch on the door.

   13. Plaintiff was sitting on his bunk with his nose and mouth covered, unsuccessfully trying to minimize the effects of the abundance of chemical agents that was in the air from the previous assaults, in which the tactical team took no precautions to minimize.

   14. Without warning or provocation, plaintiff heard one of the tactical team members say "spray him", at that moment the team leader Sergant Thomas Francis began shooting plaintiff with chemical agents.

   15. Plaintiff was initially shot with 3 bursts of chemical agents and immediately fell to the floor in severe distress. Plaintiff's lungs felt as if they were on fire, causing

him excruciating pain, he could no longer breathe and was left to squirm on the floor trying to find air - fearing death.

16. Plaintiff begged for assistance and repeatedly stated "I can't breathe", to this an unknown tactical team member replied "if you can talk, you can breathe."

17. Plaintiff crawled up onto the toilet contemplating placing his face into the urine and feces water within the toilet to gain relief from the burning, when he was shot 3 more times in the back of the head by Sergant Thomas Francis, the plaintiff then lost consciousness.

18. Plaintiff awoke in handcuffs and leg shackles with tactical team members Kyle K. Delong, Little #5546 and A. Slusser punching him in his face and ribs while screaming "stop resisting". Plaintiff was then dragged out of the cell and down the gallery.

19. Plaintiff was placed in the South House chow hall, where he was forced to his knees and told to place his chest up against a wall, his hands were restrained behind his back with his legs shackled. Plaintiff was told by a tactical team member that if he moves - he will be sprayed again, and if he spits - he will be sprayed again.

20. Plaintiff could not see out of either eye due to being shot in the head and face with chemical agents; Plaintiff could not breathe out of his mouth due to excruciating pain in his lungs; Plaintiff could not breathe through his nostrils due to the non-stop snot ~~and~~ flowing out of them; Plaintiff was afraid to spit, so he allowed the snot and mucas to run down his body; Plaintiff was shaking profusely due to the skin over his entire body feeling like it was melting off. Plaintiff was in this kneeling position for 45 minutes.

21. Plaintiff was then guided to an unknown area where a nurse put two drops of solution into his eyes.

22. Plaintiff was then guided to another unknown area where he was forced to his knees, while still in leg & hand restraints, he was stripped naked.

23. While on his knees, the plaintiff was ordered to lean forward and place his head onto the floor. A member of the tactical team then abused and humiliated the plaintiff by using a baton to spread his buttocks and next used the baton to move the plaintiff's genitals.

24. Plaintiff's clothing was then placed back on him without removing the restraints.

25. Plaintiff was then guided back to the South House chow hall to a seat, where he remained the next 3 hours in leg & arm restraints, suffering the debilitating effects of the abundance of chemical agents used on him.

26. Plaintiff repeatedly begged members of the tactical team to be returned to a cell or placed into a shower, the reply was always "no talking".

27. Plaintiff was then escorted back to his cell.

28. Plaintiff was not allowed to decontaminate his body for 8 hours after the initial bursts of chemical agents were shot.

29. During these events, the plaintiff did not provoke, threaten or resist the tactical team members in any fashion or break any institutional rules.

30. Defendants Sergant Thomas Francis, C/O Kyle K. DeLong, C/O Little #5546 and C/O A. Slusser are members of the statewide tactical team.

31. IDOC's statewide tactical team has engaged in excessive and abusive force against inmates in the past.

32. IDOC's statewide tactical team are defendants in an on-going class action excessive force case.

33. The actions of defendants Sergant Thomas Francis, C/O Kyle K. DeLong, C/O Little #5466 and C/O A. Slusser, in using chemical agents and physical force against the plaintiff without need or provocation; forcing the plaintiff to kneel on his knees against wall for 45 minutes while suffering the severe effects of chemical agents; strip searching the plaintiff while restrained, forcing him to bend over, then touching his buttocks and genitals with baton; ~~forcing plaintiff to sit restrai~~

forcing the plaintiff to sit restrained behind his back with leg shackles on, covered in chemical agents for 3 hours; or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declatory judgment stating that:

1. The physical abuse of the plaintiff by defendants Sergant Francis, C/O Delong, C/O Little #5466 and C/O Slusser violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $50,000.00 jointly and severally against defendants Sergant Francis, C/O Delong, C/O Little #5466 and C/O Slusser for the physical and emotional injuries sustained as a result of the attack on Plaintiff.

C. Award punitive damages in the following amounts:

1. $15,000.00 each against Sergant Francis, C/O Delong, C/O Little #5466 and C/O Slusser.

D. Any additional relief this Court deems just, proper and equitable.

April 15, 2020

Respectfully Submitted,

Mark Scott #K68188

~~Pont~~ Stateville C.C.

P.O. Box 112

Joliet, IL 60434

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged

therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Stateville C.C. on 4/15/20

*Mark Scott*
Mark Scott

Page 6 of 6

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby declare that on April 16, 2020, I placed the foregoing Motion for Leave to File an Amended Complaint and Proposed Amended Complaint, into the institutional mail at Stateville C.C., to be mailed via U.S. Postal Service to the Clerk.

/s/ Mark Scott

Mark Scott #K68188
Stateville C.C.
P.O. Box 112
Joliet, IL 60434

I, Mark Scott, swears under the penalty of perjury (28 U.S.C. 1746, 18 U.S.C. 1621), that the above is true and correct to the best of my knowledge and belief.

Mark Scott

April 16, 2020